**COMMONWEALTH of Pennsylvania,**
**Appellant**

v.

**Kevin LIDDIE, Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 18, 2010.
Filed May 16, 2011.

230

Mary Huber, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Leo M. Pall, Jr., Upper Darby, for appellee.

BEFORE: FORD ELLIOTT, P.J., MUSMANNO, BENDER, BOWES, DONOHUE, SHOGAN, ALLEN, OLSON and OTT, JJ.

OPINION BY OLSON, J.:

The Commonwealth of Pennsylvania ("Commonwealth") appeals from an order entered on September 25, 2008 in which the trial court granted, in part, a motion to suppress filed by Kevin Liddie ("Liddie"). Relevant to the Commonwealth's challenge on appeal, the trial court suppressed cocaine seized by police from Liddie's vehicle. A prior panel of this Court upheld the trial court's order, concluding that, although the contraband was observed in plain view inside Liddie's vehicle, the Commonwealth failed to establish exigent circumstances that would permit an officer to seize the cocaine without first obtaining a warrant. At the Commonwealth's request, we granted *en banc* review to consider whether the plain view doctrine permits a warrantless seizure of contraband observed in plain view within an automobile. We conclude that, under the facts of this case, such a seizure is permissible and, therefore, we reverse the trial court's order suppressing the cocaine recovered in this case.

On July 5, 2007 at approximately 10:00 p.m., police officers Orth ("Officer Orth") and Chan ("Officer Chan") were on highway patrol in the City and County of Philadelphia when they conducted a traffic stop on a black Chevrolet Tahoe which was traveling at a high rate of speed. N.T. Suppression Hearing, 8/27/08, at 5–7. Liddie was the driver of the Tahoe and was alone in the vehicle. *Id.* He admitted that he did not have a driver's license when Officer Orth approached and asked him to produce his driver's license, owner's card, and registration materials. *Id.* at 8. Officer Orth testified that as he arrived at the vehicle, he smelled a strong odor of "raw marijuana." *Id.* Officer Orth looked through the rear driver's side window of the vehicle and saw what he determined from his experience as a police officer to be a bag of marijuana on top of an open duffle bag. *Id.* at 8–9. At that point, Officer Orth and Officer Chan removed Liddie from the Tahoe and placed him in the rear of the police cruiser. *Id.* at 9. The officers then returned to the vehicle where Officer Orth removed the marijuana. Upon removing the marijuana, Officer Orth observed in plain view what he believed to be crack cocaine inside the open duffle bag. *Id.* at 9 and 11. Thereafter, Officer Orth removed the duffle bag from Liddie's vehicle, placed it in the trunk of the squad car, and transported it to the police station for a full search. *Id.* at 9–10. The duffle bag was found to contain a digital scale, a pill bottle, and drug packaging material.

Liddie was cited for driving with a suspended license and careless driving and charged with knowing and intentional possession of a controlled substance and possession of a controlled substance with the intent to deliver. Prior to trial, Liddie filed a motion to suppress the marijuana, the cocaine, and the drug paraphernalia found inside the duffle bag, claiming that the police lacked probable cause to stop his vehicle and that the subsequent search of the Tahoe and the seizure of the items within it were unlawful. On the morning that Liddie's trial was scheduled to begin, the trial court took testimony and heard argument on Liddie's suppression motion, after which it initially denied relief. Following a luncheon recess during which the trial court reviewed relevant case law, the court determined that neither party had addressed the issue of

whether exigent circumstances justified the warrantless search of Liddie's vehicle. Accordingly, the trial court vacated its ruling and continued the matter to September 25, 2008 so that it could entertain additional argument on that particular issue. The Commonwealth filed a letter brief that addressed the legality of the seizure of contraband from Liddie's vehicle. Neither the trial court's docket nor the certified record shows that Liddie filed supplemental materials following the August 27, 2008 suppression hearing.

On September 25, 2008, the trial court reconvened the parties to address Liddie's motion to suppress. At that time, the court denied Liddie's motion to suppress the marijuana, but granted the motion with respect to the cocaine and drug paraphernalia. After setting forth its findings of fact, the trial court concluded that the police were justified in stopping the vehicle driven by Liddie. Trial Court Opinion, 4/8/08, at 2–3. The court also determined that the police had probable cause to arrest Liddie and to search his vehicle incident to that arrest since they observed marijuana in the car. *Id.* at 3. In the court's view, the marijuana was properly subject to warrantless seizure because it was found in plain view. *Id.* In contrast, however, the trial court determined that since the cocaine and drug paraphernalia were discovered only after a warrantless search of the duffle bag and because the

Commonwealth established no exigent circumstances which justified such a warrantless search, the seizure of those items was unlawful. *Id.* at 3–4.[1] Subsequently, the court denied a motion by the Commonwealth to reconsider suppression of the cocaine.

■ The Commonwealth timely filed a notice of appeal on October 27, 2008.[2] On October 29, 2008, the trial court, pursuant to Pa.R.A.P. 1925(b), ordered the Commonwealth to provide the court with a concise statement of errors complained of on appeal within 21 days. Although neither the certified record nor the trial court's docket reflect that the Commonwealth filed a concise statement, it appears that the Commonwealth served its concise statement on the trial court since the court issued its Pa.R.A.P. 1925(a) opinion on April 8, 2009.

On appeal, the Commonwealth claimed that the trial court erred in suppressing the cocaine which Officer Orth observed in plain view on top of the open duffle bag in Liddie's vehicle. Agreeing in part with the Commonwealth, the original panel that considered this case acknowledged that Officer Orth observed the cocaine in plain view after he removed the marijuana from atop the duffle bag found in Liddie's vehicle. Nevertheless, relying on its analysis of *Commonwealth v. McCree*, 592 Pa. 238, 924 A.2d 621 (2007) (plurality) and *Commonwealth v. Hernandez*, 594 Pa. 319, 935

1. Although the trial court noted in its opinion that the cocaine was "discovered following a warrantless search of the duffel bag," the record does not support this conclusion. The trial court accepted the testimony of Officer Orth. Trial Court Opinion, 4/8/09, at 3–4. In his testimony, which was uncontradicted, Officer Orth stated that at the time he lifted the bag of marijuana sitting on top of the duffel bag, he immediately observed the cocaine. N.T. Suppression Hearing, 8/27/08, at 9. Upon observing the cocaine in plain view, he removed the entire duffel bag from Liddie's

vehicle and placed it in the trunk of his police car for it to be searched at the police department. *Id.* at 9–10.

2. We properly assumed appellate jurisdiction over this interlocutory appeal because the Commonwealth certified in its notice of appeal that the trial court's order of September 25, 2008 terminated or substantially handicapped the prosecution. *See* Pa.R.A.P. 311(d); *see also Commonwealth v. Shearer*, 584 Pa. 134, 882 A.2d 462, 466 (2005).

A.2d 1275 (2007), the panel also concluded that, under the plain view doctrine, additional exigent circumstances were required before the police could seize contraband from a vehicle without a warrant. The panel therefore affirmed the trial court's suppression order since it determined that no exigent circumstances permitted Officer Orth to seize the cocaine without first procuring a warrant.

In its substituted brief filed for purposes of *en banc* review, the Commonwealth raises the following question for our consideration:

> When an officer lawfully stop[s] a car for a traffic violation, [observes] marijuana on top of an open duffle bag on the floor of the vehicle, and then [sees] cocaine in plain view while lifting the marijuana out of the bag, [is] the officer entitled to seize the cocaine under the limited automobile exception to the warrant requirement?

Commonwealth's Brief at 4.[3]

The Commonwealth asserts that it was error to require additional exigent circumstances to support the warrantless seizure of cocaine recovered from Liddie's vehicle.[4] The Commonwealth claims that this case involves a plain view seizure of cocaine under circumstances in which probable cause arose suddenly and where the police had no advance warning that Liddie or his vehicle would be the target of an investigation. As such, the Commonwealth argues that, under controlling authority as set out in *McCree* and similar decisions issued by this Court, the police had a lawful right to access the cocaine in Liddie's vehicle pursuant to the plain view doctrine. We agree.

▮ We apply a well-settled standard of review when considering a Commonwealth challenge to a suppression order.

> In reviewing a Commonwealth appeal from a suppression order: we follow a clearly defined standard of review and consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted.... The suppression court's findings of fact bind an appellate court if the record supports those findings.[5]

*Commonwealth v. Collins*, 950 A.2d 1041, 1046 (Pa.Super.2008) (*en banc*), quoting *Commonwealth v. DeHart*, 745 A.2d 633, 636 (Pa.Super.2000). "This Court may reverse only when the legal conclusions drawn from those facts are erroneous." *Collins*, 950 A.2d at 1046, quoting *Commonwealth v. Valentin*, 748 A.2d 711, 713 (Pa.Super.2000).

Because the Commonwealth invokes the plain view doctrine to establish the constitutionality of the warrantless seizure of cocaine recovered from Liddie's vehicle, we review its claim under *Commonwealth*

**3.** Liddie's counsel, John Robinson, Esquire, passed away following the proceedings before the trial court. By letter from Mr. Robinson's partner, we are advised that Liddie relies on the trial court's opinion as his appellate brief.

**4.** The sole issue before this Court is the constitutionality of the seizure of the cocaine. The Commonwealth has not challenged the suppression of the drug paraphernalia and Liddie does not object to the trial court's refusal to suppress the marijuana.

**5.** Our factual recitation above is derived from the testimony of Officer Orth at the hearing on Liddie's motion to suppress. Liddie also testified at the suppression hearing, but the trial court deemed his testimony unworthy of belief and stated that it did not rely on it in rendering its decision. Trial Court Opinion, 4/8/09, at 3 n. 2. In any event, Liddie did not offer testimony on the key facts which are critical to our resolution of this case. Thus, on these matters, Officer Orth's testimony stands uncontradicted.

*v. Brown,* 2011 PA Super 67, 23 A.3d 544, a recent *en banc* decision issued by this Court. *Brown* applied the plain view doctrine to a warrantless seizure of incriminating evidence observed in a vehicle; the decision also carefully analyzed the status of Pennsylvania's limited automobile exception based upon our Supreme Court's plurality decision in *McCree.*

In *Brown,* the defendant argued that his federal and state constitutional rights were violated following a convenience store robbery when police detained him and his minivan and subsequently seized a toy gun and clothing from his vehicle without a warrant. This Court said in *Brown* that the plain view doctrine permitted the warrantless seizure of an object when: (1) an officer views the object from a lawful vantage point; (2) it is immediately apparent to him that the object is incriminating; and, (3) the officer has a lawful right of access to the object. *Brown,* 2011 PA Super 67, 23 A.3d at 559, *citing Horton v. California,* 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990); *Commonwealth v. McCullum,* 529 Pa. 117, 602 A.2d 313, 320 (1992) (setting forth and applying *Horton's* three-step plain view analysis); *Commonwealth v. Graham,* 554 Pa. 472, 721 A.2d 1075, 1079 (1998).

*Brown* focused its analysis on whether the police had lawful access to the contraband because, as in the present case, there was little dispute as to whether the officers viewed the contraband from a lawful vantage point or whether it was immediately apparent that the objects in plain view were incriminating.[6] After describing the history and development of different formulations considered by our Supreme Court for use in determining whether the police had lawful access to seize contraband observed in plain view inside a vehicle, our decision in *Brown* noted that a plurality of the Supreme Court in *McCree* applied Pennsylvania's limited automobile exception in examining whether police properly seized contraband which they recovered from an automobile.[7]

---

**6.** Appellate decisions in this Commonwealth have observed that *Horton's* "lawful access" prong is often the source of great confusion in a plain view analysis. *McCree, supra* at 633 (Cappy, C.J., concurring and noting that permissible seizure does not necessarily follow from the fact that police have observed contraband from a lawful vantage point); *see also Commonwealth v. Turner,* 982 A.2d 90, 94 (Pa.Super.2009) ("This prong of the *Horton* test … is frequently misunderstood and conflated with the other two. Simply because an officer views incriminating evidence from a lawful vantage point does not mean that he is automatically entitled to seize the evidence."), *appeal denied,* 606 Pa. 649, 992 A.2d 889 (2010).

**7.** Pennsylvania's limited automobile exception is distinct from its federal corollary which permits the warrantless seizure of contraband from a vehicle without first establishing certain additional exigent circumstances. We have described these exceptions as follows:

The automobile exception to the warrant requirement under the Fourth Amendment [of the U.S. Constitution] provides that the combination of probable cause to seize the object coupled with the exigency created by the **inherent** mobility of a vehicle gives an officer the lawful right to access the interior of the vehicle to retrieve the object. The more stringent "limited automobile exception" under Article I, § 8 [of Pennsylvania's Constitution], however, grants a lawful right of access without a warrant **only in the additional circumstance** that an officer had no advance knowledge that the vehicle stopped or encountered was involved in a crime. This lack of notice coupled with the significantly diminished expectation of privacy in a vehicle permits an officer to access the car and seize the object in accordance with Article I, § 8's constitutional protections.

*Collins,* 950 A.2d at 1045 (emphasis added). Pennsylvania has not adopted the federal formulation. *Brown,* 2011 PA Super 67, 23 A.3d at 553 ("in at least five cases, majorities of our Supreme Court have rejected the federal automobile exception in favor of what the

We acknowledged in *Brown* that the plurality's Opinion Announcing the Judgment of the Court (the "OAJC") in *McCree* lacked precedential value because it failed to command the joinder of a majority of participating justices. We reasoned, however, that then-Justice (now Chief Justice) Castille's concurring opinion, in which he announced his joinder in the *McCree* plurality's OAJC (except regarding the plurality's discussion of *Commonwealth v. Holzer*, 480 Pa. 93, 389 A.2d 101 (1978) and the "status and contours" of Pennsylvania's limited automobile exception), "narrowly [imbued] the plurality's OAJC with precedential value regarding automobile searches and seizures in the following limited respect: where police officers observe incriminating-looking contraband in plain view in a vehicle from a lawful vantage-point, the lack of advance notice and opportunity to obtain a warrant provides the officers with a lawful right of access to seize the object in question." *Brown*, 2011 PA Super 67, 23 A.3d at 557.[8] Therefore, because the officers in *Brown* had no advance notice of the defendant's decision to rob the store and since they had no opportunity to obtain a warrant before observing and seizing the challenged contraband

in his vehicle, we concluded that the warrantless seizure which occurred there passed constitutional muster.

█ Applying the three-part test of the plain view doctrine to the facts presently before us, we find that the seizure of cocaine from Liddie's vehicle was constitutionally permissible. First, the record overwhelmingly supports the conclusion that Officer Orth observed the cocaine from a lawful vantage point. Liddie's vehicle was detained on a public street after officers observed him traveling at a high rate of speed. As Officer Orth approached the vehicle, he detected a strong odor of raw marijuana and observed a bag of marijuana on top of an open duffle bag as he looked through the driver's side rear window. When he removed the marijuana, Officer Orth observed the cocaine in plain view inside the open duffle bag. Thus, the officer viewed the cocaine from a lawful vantage point as required by the first prong of *Horton*. *See McCree, supra* at 631 (officer lawfully approached the driver's side of the defendant's vehicle where it was parked on a public street after being stopped because of suspected drug activity).

plurality in *McCree* dubbed the 'limited automobile exception' ").

8. "In cases where a concurring opinion enumerates the portions of the plurality's opinion in which the author joins or disagrees, those portions of agreement gain precedential value." *Brown*, 2011 PA Super 67, 23 A.3d at 556. In his concurring opinion in *McCree*, Justice Castille specifically declined to join the plurality's discussion of the limited automobile exception and, instead, articulated his view that Pennsylvania should adopt the federal approach to warrantless vehicle searches and seizures and that probable cause which arises unexpectedly (*i.e.* in situations which prevent the police from procuring a warrant before probable cause to conduct a search has arisen) is all that Article I, § 8 requires in such cases. *McCree, supra* at 635 (Castille, J.,

concurring). Thus, while the status and scope of Pennsylvania's limited automobile exception remains unclear in the wake of *McCree*, we reasonably inferred in *Brown* that a majority of the Supreme Court would find that the police possess lawful access to seize plain view contraband observed inside a vehicle when the standard set forth above has been met. *Id.* (Castille, J., concurring) ("In its ultimate resolution of this case, the [plurality] applies an automobile exception approach which I believe is consistent with my understanding of the most that can be gleaned from the holdings in our precedents, as discussed in my Concurring Opinion in [*Commonwealth v. Perry*, 568 Pa. 499, 798 A.2d 697 (2002)]. Thus, I concur in the [Plurality] Opinion respecting the automobile exception, and I join it in all other respects.").

Turning to the second criteria, the record establishes that the incriminating nature of the object seen by Officer Orth was immediately apparent. At Liddie's suppression hearing, Officer Orth testified that when he removed the marijuana from Liddie's vehicle, he observed what he believed to be cocaine sitting in the open duffle bag. Officer Orth also testified that he had been a police officer in the City of Philadelphia for 21 years, that he had received annual training in the identification of narcotics, and that he had substantial experience in the recovery of controlled substances during his years on highway patrol. N.T. Suppression Hearing, 8/27/09, at 12. This testimony was uncontroverted. "In determining whether the incriminating nature of an object [is] immediately apparent to the police officer, we look to the totality of the circumstances." *Turner*, 982 A.2d at 92 (citations and internal quotations omitted). "An officer can never be one hundred percent certain that a substance in plain view is incriminating, but his belief must be supported by probable cause." *Id.* Officer Orth's observations, together with his training and experience as a police officer, are sufficient to establish that the incriminating nature of the contraband recovered from Liddie's vehicle was immediately apparent.

Finally, turning to the third element of *Horton*, Officer Orth had a lawful right of access to the interior of Liddie's vehicle. Under the circumstances described above, Officer Orth's observation of the marijuana in Liddie's vehicle created probable cause to believe that a crime had been committed and that evidence pertaining to the crime was present in Liddie's vehicle. Probable cause, in this case, arose suddenly and without any advance warning that Liddie or his vehicle would be the target of a police investigation. Therefore, because the police lacked advance notice and an opportunity to obtain a warrant before commencing a search, Officer Orth lawfully accessed the interior of Liddie's vehicle to recover evidence relating to an ongoing investigation. *Brown*, 2011 PA Super 67, 20 A.3d at 559. Once the marijuana was lawfully removed, the bag of cocaine which was immediately seen sitting on top of the open duffle bag was, in turn, lawfully removed.

Having determined that all three prongs of the *Horton* test have been met, *i.e.*, that Officer Orth was at a lawful vantage point when he observed the cocaine inside the open duffle bag in the passenger compartment of Liddie's vehicle; that the incriminating nature of the contraband was immediately apparent to Officer Orth; and, that Officer Orth had a lawful right of access to the cocaine, we conclude that the trial court erred in suppressing the cocaine recovered from Liddie's vehicle. Accordingly, we reverse the trial court's suppression order insofar as it determined that the seizure of cocaine from Liddie's vehicle was constitutionally impermissible.

Order reversed in part. Case remanded. Jurisdiction relinquished.