J-S32008-23

2023 PA Super 277

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KARIN EDWARDS | : | |
| | : | |
| Appellant | : | No. 79 MDA 2023 |

Appeal from the Judgment of Sentence Entered December 15, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002767-2021

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

OPINION BY DUBOW, J.:                    **FILED: DECEMBER 28, 2023**

Appellant Karin Edwards appeals from the Judgment of Sentence entered by the Lancaster County Court of Common Pleas on December 15, 2022, following her conviction of one count of Prostitution.[1] After careful consideration, we affirm the Judgment of Sentence.

On May 14, 2021, Detective Christopher Jones of the East Lampeter Township Police Department received a tip regarding the potential human trafficking of a woman. The woman, later determined to be Appellant, was seen crying at a restaurant near a hotel in an area with a high volume of prostitution. Detective Jones, who had extensive experience investigating prostitution and human trafficking, conducted surveillance of the hotel and determined that Appellant was an occupant.

_____

[1] 18 Pa.C.S. § 5902(a)(1).

On May 17, 2021, the detective utilized a computer program that investigated online prostitution postings and found an advertisement involving Appellant on the website "skipthegames.com." Detective Jones texted the number in the advertisement. The subsequent text messages "discussed a price for an hour and a [time and] location, including the hotel address and room number." Trial Ct. Op., 3/15/23, at 4.

After Detective Jones knocked on the hotel room door at the agreed upon time, Appellant opened the door fully nude and invited the detective into the room. At the time the undercover detective entered the room, officers had not obtained a warrant to enter her room, and Appellant did not know that he was a police officer wearing an electronic recording device.[2]

After entering the room, the detective and Appellant discussed the intended sexual acts, and the detective provided Appellant with the agreed upon currency. Officers then arrested Appellant and transported her to the East Lampeter Township Police Department headquarters, where she provided inculpatory statements.

In October 2021, Appellant filed an Omnibus Pre-Trial Motion, which she amended on November 17, 2021. Appellant challenged the legality of the detective's warrantless entry into the hotel room, claiming that her consent was involuntary due to the detective's deception. Appellant acknowledged

_____

[2] Detective Jones had authorization for the wire pursuant to a May 11, 2021 Order. The trial court ultimately suppressed the recordings made pursuant to that order, concluding that the order was overbroad. The validity of the order is not before this Court.

that courts have applied the federal constitution to allow "police to obtain consent through deceit[;]" she asserted, however, that "the issue remains novel under the Pennsylvania Constitution." Brief in Support of Amended Omnibus Pretrial Motion, 3/29/22, at 3, 7. Presenting an analysis pursuant to **Commonwealth v. Edmunds**, 586 A.2d 887, 895 (Pa. 1991), Appellant maintained that Article I, Section 8 of the Pennsylvania Constitution provided greater protection of privacy than the Fourth Amendment of the United States Constitution. Insisting that she did not voluntarily consent to the detective's warrantless entry into her hotel room, Appellant argued that her statements made in the hotel room and at the police station should be suppressed as fruit of the poisonous tree.

On September 23, 2022, the trial court granted Appellant's suppression motion in part and denied it in part.[3] In relevant part, the court concluded that Appellant had consented to the undercover officer's entry into her hotel room, such that his entry did not violate the warrant requirement. Accordingly, the court denied suppression of Appellant's statements to Detective Jones in the hotel room and at police headquarters.

_____

[3] The court entered a brief order and placed its reasoning on the record at a hearing. As noted, the court granted suppression of the recording of the conversation in the hotel room. The court, however, denied suppression of the officer's testimony regarding the recorded conversation, finding that the officer's personal knowledge of the conversation constituted an independent source.

On December 15, 2022, the court presided over a bench trial and found Appellant guilty of one count of Prostitution, based upon the parties' stipulations. The court sentenced Appellant to four years of probation.

Appellant filed her Notice of Appeal on January 13, 2023. Appellant and the court subsequently complied with Pa.R.A.P. 1925.

Appellant presents the following question to this Court:

> Did the trial court err in denying the Motion to Suppress [Appellant's] statements to police, in her motel room and at the police station, where these statements were the poisonous fruit of [the detective's] unlawful entry into [Appellant's] motel room, in violation of Article I, Section 8 of the Constitution of the Commonwealth of Pennsylvania?

Appellant's Br. at 6.

## A.

It is well-settled that "our standard of review for the denial of a suppression motion is *de novo* and is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." ***Commonwealth v. Green***, 265 A.3d 541, 550 (Pa. 2021) (citation and internal quotation marks omitted). Our scope of review is limited to the record before the court at the time of the suppression hearing, and we consider "only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the suppression record as a whole." ***Id.*** (citation omitted).

At base, Appellant challenges the constitutionality of the detective's warrantless entry into her hotel room. It is well-established that "[a] search conducted without a warrant is deemed to be unreasonable and therefore constitutionally impermissible, unless an established exception applies." **Commonwealth v. Strickler**, 757 A.2d 884, 888 (Pa. 2000). One exception to the warrant requirement is the voluntary consent of the individual. **Id.**

Regarding consent, Appellant's argument hinges on her assertion that the Pennsylvania Constitution provides greater protection than the federal Constitution against law enforcement's use of deception to gain consent to enter a residence. The Pennsylvania Supreme Court has provided a roadmap for litigants, such as Appellant, asserting claims for greater protection under the Pennsylvania Constitution. **Edmunds**, 586 A.2d at 895. It dictated that parties address the following: "(1) text of the Pennsylvania constitutional provision; (2) history of the provision, including Pennsylvania case-law; (3) related case-law from other states; [and] (4) policy considerations, including unique issues of state and local concern, and applicability within modern Pennsylvania jurisprudence." **Id.**

The Supreme Court recently reiterated that Article I, Section 8 of the Pennsylvania Constitution affords greater protection than the Fourth Amendment of the federal Constitution. **Commonwealth v. Alexander**, 243

A.3d 177, 181 (Pa. 2020).[4]  In so doing, the Court contrasted Pennsylvania's emphasis on protecting the privacy of individuals, with the federal Constitution's focus on the deterrence of law enforcement misdeeds.  *Id.* at 187-88.

Despite this divergence, Pennsylvania has adopted the basic federal Fourth Amendment test which "requires a person to demonstrate (1) a subjective expectation of privacy; and (2) that the expectation is one that society is prepared to recognize as reasonable and legitimate."  *Id.* at 205. "[I]f the defendant has no protected privacy interest, neither the Fourth Amendment nor Article I, [Section] 8 is implicated."  *Commonwealth v. Enimpah*, 106 A.3d 695, 699 (Pa. 2014).  Indeed, the Supreme Court advised that a court presented with a suppression motion "need go no further" if it determines that the defendant did not have a reasonable expectation of privacy.  *Id.* at 702.  In determining whether an expectation of privacy is reasonable, we consider the totality of the circumstances.  *Commonwealth v. Kane*, 210 A.3d 324, 330 (Pa. Super. 2019).

An expectation of privacy is not reasonable or justified where an individual "knowingly exposes to the public" his home or other private location. *Commonwealth v. Weimer*, 396 A.2d 649, 651 (Pa. Super. 1978) (*en banc*) (quoting *Katz v. United States*, 389 U.S. 347, 351-52 (1967)).

---

[4] In **Alexander**, the Court rejected the federal automobile exception to the warrant requirement and instead held "that the Pennsylvania Constitution requires both a showing of probable cause and exigent circumstances to justify a warrantless search of an automobile." *Id.*

"One cannot envelop[] oneself with the cloak of [constitutional] protection while leaving gaping holes in the fabric." *Id.* Accordingly, in evaluating whether an expectation of privacy is reasonable, we look to the measures that an individual has taken to ensure their privacy. *Id.*

In *Weimer*, this Court found that members of a private club did not have a reasonable expectation of privacy based upon the individuals' actions. We concluded that the members negated any expectation of privacy when they failed to employ an installed buzzer entry system and one-way mirror and instead allowed plain-clothed officers entry into the club when they rang the buzzer, without any inquiry as to their identity.[5] "This lax enforcement of purported security measures indicates that [the members'] expectation of privacy was hardly reasonable or justifiable." *Id.* at 652.

**B.**

Appellant maintains that the trial court erred in not suppressing her statements in the hotel room and at the police station, claiming that they "were the poisonous fruit of Detective Jones' unlawful entry in Ms. Edwards' [hotel] room, without a warrant, through the use of deception." Appellant's Br. at 11. She asserts that her consent was involuntary because she was not aware that Detective Jones was a member of law enforcement nor was she knowledgeable of her right to refuse the warrantless search. *Id.* at 15-16.

---

[5] While finding the entry in *Weimer* constitutionally permissible, the Court acknowledged that the actions of the officers were not "wholly judicious[,]" given that they could have sought a search warrant for the club. *Id.* at 653.

- 7 -

As noted above, while acknowledging that the use of deceptive actions to gain consent is permissible under the federal Constitution, Appellant argues for greater protection under Article I, Section 8 of the Pennsylvania Constitution, asserting that the issue "remains novel under the Pennsylvania Constitution." Appellant's Br. at 24. Appellant maintains that "Article I, Section 8 requires a search warrant before a law enforcement officer is permitted to use deception to enter a private residence." *Id.* at 11. As applied to the instant case, Appellant asks the court to find Detective Jones' warrantless entry into her hotel room via deception to be an unconstitutional invasion of her privacy requiring the suppression of the resulting evidence.

Although Appellant raises an interesting constitutional question, her argument fails for a more fundamental reason: she lacked a reasonable expectation of privacy.[6] As in **Weimer**, Appellant negated any expectation of

_____

[6] As she did in the trial court, Appellant presents a colorable argument, utilizing the four-factor **Edmunds** analysis, that Article I, Section 8 of the Pennsylvania Constitution provides greater protection than the federal Fourth Amendment regarding law enforcement's use of deception to gain warrantless entry into a home. We do not reach this issue because we conclude that Appellant did not have a reasonable expectation of privacy in her hotel room, as set forth *infra*.

We additionally do not speak to the trial court's response to Appellant's argument, which did not address Appellant's distinction between the state and federal protections, but instead merely found the constitutional validity of Detective Jones' use of an undercover identity to be "patently obvious" based upon caselaw applying the federal Fourth Amendment. Trial Ct. Op., 3/15/23, at 7. While we do not address this analysis, we concur with the court's conclusion that the detective's entry into the hotel room was constitutionally permissible. **See Commonwealth v. Taggart**, 997 A.2d 1189, 1197 n.10

*(Footnote Continued Next Page)*

privacy in her hotel room through her actions. Specifically, rather than taking measures to maintain the privacy of her hotel room, she advertised on a prostitution website, arranged to meet an anonymous stranger who responded to the advertisement in her hotel room, and then opened the door and invited the stranger into the room without any inquiry as to who he was. In essence, she did not guard her privacy or attempt to exclude others when she invited an unknown person into her hotel room without asking any questions. Absent a reasonable expectation of privacy, we conclude that Article I, Section 8 of the Pennsylvania Constitution is not implicated in this case. *Enimpah*, 106 A.3d at 699.

Accordingly, we conclude that the trial court properly denied suppression of Appellant's statements and affirm the Judgment of Sentence.

Judgment of Sentence affirmed.

Judge Kunselman joins.

Judge Nichols concurs in the result.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>12/28/2023</u>

---

(Pa. Super. 2010) (observing that this Court may "affirm an order on a rationale that differs from that of the trial court").