J-S07038-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY DASHAW HENDERSON | : | No. 882 MDA 2023 |

Appeal from the Order Entered June 14, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003040-2021

BEFORE:   LAZARUS, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED: SEPTEMBER 19, 2024**

The Commonwealth appeals from an order entered in the Court of Common Pleas of Dauphin County granting in part the pretrial motion of Anthony Dashaw Henderson (Defendant) to suppress evidence seized during a traffic stop.  For the reasons set forth below, we affirm.

On August 15, 2020, state troopers found a digital scale and a handgun in Defendant's car and a bag of marijuana on Defendant's person during a traffic stop for a suspended vehicle registration.  Defendant was charged with possession of a firearm by a prohibited person, carrying a firearm without a license, resisting arrest, possession of a small amount of marijuana, possession of drug paraphernalia, and driving while operating privileges are

_____

[*] Retired Senior Judge assigned to the Superior Court.

suspended or revoked.[1] Defendant filed a motion to suppress the digital scale, handgun and bag of marijuana on the grounds that the warrantless searches for and seizures of these items violated his rights under the Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution.

On April 3, 2023, the trial court held a suppression hearing at which the two state troopers testified and the dash camera video recording from their vehicle was introduced in evidence. The troopers testified at this hearing that after Defendant's car was stopped, one of the troopers saw from outside the car's passenger window a digital scale with what appeared to be marijuana shake on it sitting in the center console of the car. N.T. Suppression Hearing at 6, 16, 20-24, 30-32, 35-36, 45-46. The troopers further testified that Defendant was then asked to get out of the car but was not placed under arrest and that one of the troopers patted him down, felt what he believed to be a bag of marijuana in Defendant's pocket, and removed the bag of marijuana from Defendant's pocket. *Id.* at 6, 14-22, 32-37, 40-45. They testified that the other trooper then retrieved the scale from the car and saw the handgun, which was under the center console, when he was in the car to retrieve the scale. *Id.* at 6-7, 22-29, 35, 44.

---

[1] 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), and 5104, 35 P.S. § 780-113(a)(31) and (32), and 75 Pa.C.S. § 1543(a), respectively.

On June 14, 2023, the trial court granted Defendant's motion to suppress the handgun and bag of marijuana but denied his motion to suppress the digital scale. Trial Court Order, 6/14/23. The trial court held that the pat down of Defendant in which a trooper found the bag of marijuana was unlawful because Defendant was not under arrest and the troopers did not have reason to believe that there was a danger to their safety at the time of the pat down. Trial Court Opinion, 6/14/23, at 4-5. The trial court held that the elements of the plain view exception to the warrant requirement were satisfied with respect to the scale because one of the troopers saw the scale from outside the car. *Id.* at 5-6. The trial court, however, found that the search in which the troopers found the handgun was unconstitutional because the handgun was not in plain view and Defendant did not consent to the search of the car. *Id.* at 6-7. The trial court also found that the inevitable discovery doctrine did not apply because the Commonwealth did not prove that the car would have been towed. *Id.* at 7-8.

The Commonwealth filed a timely interlocutory appeal of the trial court's suppression order pursuant Pa.R.A.P. 311(d).[2] The trial court ordered the Commonwealth to file a concise statement of errors complained of on appeal

---

[2] Although the Commonwealth's initial notice of appeal did not contain the certification required by Rule 311(d) that "the order will terminate or substantially handicap the prosecution," the Commonwealth filed an amended notice of appeal within 30 days of the trial court's suppression order containing that certification. 6/29/23 Amended Notice of Appeal. This appeal is therefore properly before us.

pursuant to Pa.R.A.P. 1925(b), and the Commonwealth timely filed a Rule 1925(b) statement. In this Rule 1925(b) statement, the Commonwealth set forth as the only errors of which it complained on appeal the following:

> This Honorable Court erred in granting Appellee's suppression motion where law enforcement possessed reasonable suspicion and probable cause to support the traffic stop, and the plain view doctrine supported the seizure of the scale with marijuana residue in Appellee's vehicle which also led to the discovery of the handgun in plain view. All evidence would have been inevitably discovered.

Commonwealth Statement of Errors Complained of on Appeal.

In this appeal, the Commonwealth argues (1) that the suppression of the bag of marijuana must be reversed because the troopers reasonably believed that Defendant was armed and dangerous and (2) that the suppression of the handgun must be reversed because the handgun was in plain view and, alternatively, because Defendant consented to the search of his car in which it was found and because it would have inevitably been discovered in an inventory search. Our standard of review of these issues is well established:

> We review trial court suppression orders to determine whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. We are bound by the suppression court's factual findings so long as they are supported by the record. … Our scope of review of suppression court factual findings is limited to the suppression hearing record. We, however, are not bound by a suppression court's conclusions of law; rather, when reviewing questions of law, our standard of review is *de novo* and our scope of review is plenary.

*Commonwealth v. Barr*, 266 A.3d 25, 39 (Pa. 2021) (citations and quotation marks omitted).

The Commonwealth's first issue, the claim that the trial court erred in suppressing the bag of marijuana, is waived by the Commonwealth's failure to raise any claim of error with respect to the marijuana in its Rule 1925(b) statement. The Rule 1925(b) statement filed by the Commonwealth states only that the scale and handgun were properly seized and does not refer to the bag of marijuana at all. Commonwealth Statement of Errors Complained of on Appeal. Nor does the Commonwealth's statement assert any claim the pat down in which the marijuana was found was constitutional or that the trial court erred in its ruling concerning the pat down. *Id.* Having failed to raise any issue concerning the suppression of the bag of marijuana or the trial court's ruling that the pat down was illegal in its Rule 1925(b) statement, the Commonwealth is barred by waiver from seeking reversal of the trial court's granting of Defendant's motion to suppress the marijuana that was found on his person. Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [Rule 1925(b) concise statement of errors complained of on appeal] and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived"); *Commonwealth v. Sinkiewicz*, 293 A.3d 681, 691 (Pa. Super. 2023); *Commonwealth v. Garland*, 63 A.3d 339, 342 (Pa. Super. 2013).

In any event, even if it were not waived, the Commonwealth's claim that the trial court erred in suppressing the marijuana is without merit. Both the

Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution protect individuals and their effects and possessions from unreasonable searches and seizures. *Commonwealth v. Valdivia*, 195 A.3d 855, 861 (Pa. 2018); *Commonwealth v. McMahon*, 280 A.3d 1069, 1071 (Pa. Super. 2022); *Commonwealth v. Heidelberg*, 267 A.3d 492, 502 (Pa. Super. 2021) (*en banc*). A search conducted without a warrant is unreasonable and therefore constitutionally impermissible unless an established exception to the warrant requirement applies. *Valdivia*, 195 A.3d at 861; *Commonwealth v. Edwards*, 307 A.3d 796, 798 (Pa. Super. 2023); *Heidelberg*, 267 A.3d at 502. When a motion to suppress has been filed, the burden is on the Commonwealth to show by a preponderance of the evidence that the items that the defendant seeks to suppress were not obtained in violation of the defendant's rights. *Commonwealth v. Smith*, 285 A.3d 328, 332 (Pa. Super. 2022); *Heidelberg*, 267 A.3d at 499.

The search incident to arrest exception to the warrant requirement cannot apply to the seizure of the marijuana because the trial court found that Defendant was not under arrest at the time that the pat down occurred and that finding is supported by the record. Trial Court Opinion, 6/14/23, at 5; N.T. Suppression Hearing at 34-35, 40, 44-45. Indeed, the trooper who conducted the pat down testified that they had not arrested Defendant or decided whether they would arrest him until after the pat down and seizure of the marijuana. N.T. Suppression Hearing at 34-35, 44-45.

Another exception to the warrant requirement is the limited frisk or pat down for weapons where an officer has a reasonable belief that the individual that he is validly detaining is presently armed and dangerous to the officer or others. *Commonwealth v. Arrington*, 233 A.3d 910, 915 (Pa. Super. 2020); *Commonwealth v. Simmons*, 17 A.3d 399, 403 (Pa. Super. 2011). For such a frisk to be constitutionally permissible under this exception, the officer must articulate specific facts from which it can be reasonably inferred that the individual was armed and dangerous. *Commonwealth v. Grahame*, 7 A.3d 810, 816 (Pa. 2010); *Commonwealth v. Cunningham*, 287 A.3d 1, 10 (Pa. Super. 2022); *Commonwealth v. Gray*, 896 A.2d 601, 606 (Pa. Super. 2006).

The trial court found that the pat down did not satisfy these requirements because the troopers did not articulate any facts from which it could be reasonably inferred that Defendant was armed and dangerous. Trial Court Opinion, 6/14/23, at 4-5. That finding is amply supported by the record from the suppression hearing. The troopers testified that they did not see any furtive movements or behavior by Defendant that made them feel unsafe, did not see any bulge on Defendant that could be a weapon, and did not observe anything that would lead them to conclude that Defendant was armed and dangerous. N.T. Suppression Hearing at 14-17, 38, 40. The record also shows that Defendant's interactions with the troopers were cordial, not hostile. *Id.* at 11, 17-18, 39; Commonwealth Ex. 1.

The Commonwealth argues that despite this lack of facts indicating that Defendant was armed and dangerous, the trial court was required to find that the pat down was proper because the troopers testified that Defendant's failure to stop his car immediately and turning his car into an alley to stop showed that he was trying to hide something, because the traffic stop occurred at night in an allegedly high-crime area, and because one of the troopers testified that people with drugs or drug paraphernalia carry weapons. This argument fails for two reasons.

First, the trial court did not find and was not required to find the troopers' characterization of Defendant's driving credible or that Defendant's driving gave them reason to believe that he was armed. One of the troopers admitted that Defendant could not have parked on the side of the road that he was on when they signaled him to pull over, and the video recording showed that Defendant briefly drove at a normal speed after he was signaled to pull over and then slowed down and pulled into a residential street where there was street parking. N.T. Suppression Hearing at 9-11; Commonwealth Ex. 1. The troopers testified that Defendant's driving behavior indicated that he was trying to hide "something," which would be consistent with the presence of the digital scale that they had seen in the car or could be the mere fact that Defendant did not have a driver's license, not that such behavior indicates that the driver has a weapon. N.T. Suppression Hearing at 5, 10, 31, 42. In addition, the troopers' characterization of Defendant's driving

- 8 -

behavior as circumstances that made the situation dangerous was impeached by the prior testimony of one of the troopers, specifically noted by the trial court, that the pat down was done because "I pat down every single person … I believe everyone is armed and dangerous … [i]t's common practice" and not because the troopers saw anything about Defendant or his behavior that indicated a danger. *Id.* at 15; Trial Court Opinion, 6/14/23, at 4.

Second, the other facts on which the Commonwealth relies are legally insufficient to support a reasonable belief that a defendant is armed and dangerous where at the time of the pat down, the police had not observed any weapon or object that might be a weapon, the police had not seen the defendant engage in furtive movements or reach for a concealed object, and the defendant had not acted in a hostile or threatening way toward the police. Our Supreme Court has specifically held that an officer's belief that persons involved with illegal drugs are likely to carry weapons does not constitute a valid basis for a pat down for weapons absent specific facts concerning the defendant or the defendant's behavior that support an inference that the defendant is armed. *Grahame*, 7 A.3d at 816-17.[3] Likewise, the fact that a traffic stop occurred late at night in a high-crime area is insufficient to show a

---

[3] To the extent that *In re C.C.*, 780 A.2d 696 (Pa. Super. 2001), relied on by the Commonwealth, holds that the fact that the defendant is a suspected drug dealer is sufficient to support a reasonable belief that the defendant is armed and dangerous without other facts specific to the defendant or facts concerning the defendant's behavior, it is contrary to the Supreme Court's subsequent decision in *Grahame* and is therefore no longer good law.

reasonable belief that the defendant is armed and dangerous where no weapon has been seen and no furtive movements by the defendant have been observed. ***Arrington***, 233 A.3d at 917.

The Commonwealth's second issue, that the trial court erred in suppressing the handgun, is not waived in its entirety but fails on the merits. Under Article I, Section 8, the fact that an automobile is involved does not automatically exempt a search from the requirement that police obtain a warrant. ***Commonwealth v. Alexander***, 243 A.3d 177, 207-08 (Pa. 2020). The plain view doctrine, however, is an established exception to the warrant requirement. ***Smith***, 285 A.3d at 332; ***Commonwealth v. Lutz***, 270 A.3d 571, 577 (Pa. Super. 2022); ***Heidelberg***, 267 A.3d at 504. Three requirements must be satisfied for a warrantless search and seizure to be constitutional under the plain view doctrine: (1) a police officer must view the object from a lawful vantage point; (2) it must be immediately apparent to him that the object is incriminating; and (3) the officer must have a lawful right of access to the object. ***Commonwealth v. Davis***, 287 A.3d 467, 471 (Pa. Super. 2022); ***Smith***, 285 A.3d at 332; ***Heidelberg***, 267 A.3d at 504. ***Alexander*** did not alter the availability or application of the plain view doctrine. ***Davis***, 287 A.3d at 472-73; ***Smith***, 285 A.3d at 332; ***McMahon***, 280 A.3d at 1073-74.

The Commonwealth contends that the plain view doctrine applies to the handgun because the trooper was lawfully in the car to seize the scale, which

had been seen from outside the car, and saw the handgun in plain view while retrieving the scale. The Commonwealth is correct that the entry into the car to retrieve the scale was a lawful vantage point. *Smith*, 285 A.3d at 334 (officer had lawful right of access to interior of car to seize illegal item seen in plain view from outside the car); *McMahon*, 280 A.3d at 1074 (same); *Commonwealth v. Miller*, 56 A.3d 424, 431 (Pa. Super. 2012) (plain view exception applied to items that officer saw in plain view while in the defendant's car retrieving an incriminating item that he saw from outside the car); *Commonwealth v. Liddie*, 21 A.3d 229, 235 (Pa. Super. 2011) (*en banc*) (same).

The trial court, however, found that the handgun was not in plain view inside the car. Trial Court Opinion, 6/14/23, at 6. This finding is supported by the record. Although the trooper who found the handgun testified that he could see part of the gun when he went into the car to retrieve the scale, N.T. Suppression Hearing at 7, 26, 28-29, the trial court was not required to find that testimony credible, as there was other evidence from which it could be concluded that the gun was not visible without a further search inside the car beyond retrieving the scale. Not only did the troopers testify that the handgun was underneath the console, on the video recording the trooper who went into the car can be heard moving things in the car before he later comments that there is a gun in the car. *Id.* at 24-26, 42; Commonwealth Ex. 1.

The Commonwealth argues in the alternative that the search in which the handgun was found was valid as a consent search and that the gun was admissible under the inevitable discovery doctrine. The first of these two alternative arguments, like the Commonwealth's argument that the trial court erred in suppressing the bag of marijuana, was not raised in the Commonwealth's Rule 1925(b) statement and is therefore barred by waiver. The only claims of error that Commonwealth's Rule 1925(b) statement asserted were that "the plain view doctrine supported the seizure of the scale with marijuana residue in Appellee's vehicle which also led to the discovery of the handgun in plain view" and that this evidence "would have been inevitably discovered." Commonwealth Statement of Errors Complained of on Appeal. This statement does not assert any claim that Defendant consented to the search of his car or that the trial court erred in failing to find that there was a valid consent search and does not even make any reference to consent or a consent search. Accordingly, this alternative challenge to the trial court's suppression of the handgun is waived. Pa.R.A.P. 1925(b)(4)(vii); **Sinkiewicz**, 293 A.3d at 691; **Garland**, 63 A.3d at 342.

Even if it were not waived, however, the claim that the handgun was found in a consent search would not merit relief. While voluntary consent to the search is an exception to the warrant requirement, **Valdivia**, 195 A.3d at 861; **Edwards**, 307 A.3d at 798, the trial court found that Defendant offered to go in the car himself, which the troopers did not allow him to do, and did

- 12 -

not consent to the troopers entering and searching the car. Trial Court Opinion, 6/14/23, at 6-7. That finding is supported by the record. N.T. Suppression Hearing at 7, 43; Commonwealth Ex. 1. Indeed, the Commonwealth points to nothing in the record that would require the trial court to find that Defendant consented to the search of the car.

The Commonwealth's final argument, that the trial court erred in suppressing the handgun because it would have inevitably been discovered in an inventory search, fails on the merits. Where a search or seizure violates the defendant's constitutional rights, suppression of evidence is not required where the evidence would inevitably have been obtained through lawful means without the unconstitutional search or seizure. **Heidelberg**, 267 A.3d at 505; **Commonwealth v. Bailey**, 986 A.2d 860, 862 (Pa. Super. 2009). The burden, however, is on the Commonwealth to show by a preponderance of the evidence not merely that the evidence could have been discovered by lawful means but that the evidence would have inevitably been discovered. **Commonwealth v. Perel**, 107 A.3d 185, 196 (Pa. Super. 2014).

Inventory searches conducted to secure and inventory the contents of motor vehicles that are towed and impounded pursuant to standard government policy and not for investigative purposes are an exception to the warrant requirement and do not violate the owners' constitutional rights. **Commonwealth v. Thompson**, 289 A.3d 1104, 1107-11 (Pa. Super. 2023), **appeal dismissed as improvidently granted**, 315 A.3d 1277 (Pa. 2024).

Under the inevitable discovery doctrine, suppression is therefore not required where the Commonwealth shows that the police would have lawfully towed the vehicle and that an inventory search would have been conducted under standard government policy and would have found the evidence. **Heidelberg**, 267 A.3d at 505-06; **Bailey**, 986 A.2d at 863.

Here, as the trial court correctly observed, Trial Court Opinion, 6/14/23, at 8, the Commonwealth did not show that Defendant's car was towed or impounded or that it would have been towed or impounded if the troopers had not found the handgun in the car. Rather, the only evidence concerning towing or impounding that was presented at the suppression hearing was that the car could have been towed, not that it was towed or necessarily would have been towed. N.T. Suppression Hearing at 27-28. The trial court therefore correctly concluded that the inevitable discovery doctrine did not apply. **Perel**, 107 A.3d at 196.

For the foregoing reasons, we conclude that the Commonwealth's challenges to the seizure of the marijuana from Defendant's person and to the trial court's finding that Defendant did not consent to the search of his car are waived and that the trial court did not err in granting Defendant's motion to suppress the marijuana and handgun. Accordingly, we affirm the trial court's suppression order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/19/2024