J-S20021-22

2022 PA Super 133

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                             :         PENNSYLVANIA
                             :
            v.               :
                             :
                             :
                             :
JAROD MAURICE MCMAHON        :
                             :
            Appellant        :  No. 778 WDA 2021

Appeal from the Judgment of Sentence Entered June 3, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at CP-02-CR-0007086-2020

BEFORE:  NICHOLS, J., MURRAY, J., and KING, J.

OPINION BY MURRAY, J.:                    **FILED:  August 8, 2022**

Jarod Maurice McMahon (Appellant) appeals from the judgment of sentence imposed after the trial court convicted him of one count of possession of a controlled substance and one count of possession of marijuana.[1]  After careful review, we affirm.

The trial court summarized the facts as follows:

On May 21, 2020, Sergeant [Harrison] Maddox and Detective [Nathan] Dettling of the City of Pittsburgh Bureau of Police encountered [Appellant] while on routine patrol.  Both officers were aware, from previous encounters with [Appellant], that he did not possess a valid driver's license.  Consequently, they conducted a traffic stop of [Appellant].  Sergeant Maddox testified that upon approaching the vehicle he smelled marijuana emanating from the vehicle.  Sergeant Maddox clearly observed two (2) burnt marijuana cigarettes in the center cupholder sitting in plain view.  Sergeant Maddox further testified that the cigarettes were "brown in color with green vegetable matter in the interior with orange crystalline features" that he found to be

---

[1] 35 P.S. §§ 780-113(a)(16), (31).

indicative of marijuana. At that time, [Appellant] was removed from the inside of the vehicle; detained; and searched incident to arrest. The search of [Appellant] resulted in the recovery of one and a half pills that were later determined to be Oxycodone. Sergeant Maddox subsequently searched the vehicle and recovered three (3) additional bags of marijuana from inside the center console of the vehicle.

Trial Court Opinion, 11/8/21, at 2 (unnumbered) (footnotes omitted).

The Commonwealth charged Appellant with the forementioned offenses. On February 2, 2021, Appellant filed a motion to suppress the marijuana cigarettes, the bags of marijuana found in the center console, and the Oxycodone pills. Defense counsel requested, and was granted, the opportunity to brief the issues.

The trial court held a suppression hearing, and following oral argument on June 3, 2021, granted Appellant's motion to suppress the bags of marijuana found in the center console, but denied suppression of the marijuana cigarettes and Oxycodone pills. That same day, following a stipulated non-jury trial, the court found Appellant guilty of possessing a controlled substance and possessing marijuana. The court immediately sentenced Appellant to a six-month term of probation for possession of Oxycodone; the court imposed no further sentence for possession of marijuana. Appellant filed a motion for reconsideration, which the trial court denied on June 21, 2021. This timely appeal followed. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises a single issue for our review:

I.    Did the [trial] court err in denying [Appellant's] motion to suppress evidence under the plain view doctrine because officers had no lawful right of access to items inside the vehicle at the time of the seizure and no other exigency applies?

Appellant's Brief at 5.

Pertinently, our review of the denial of suppression

is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. We are bound by the suppression court's factual findings so long as they are supported by the record; our standard of review on questions of law is *de novo*. Where, as here, the defendant is appealing the ruling of the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted. Our scope of review of suppression rulings includes only the suppression hearing record and excludes evidence elicited at trial.

*Commonwealth v. Yandamuri*, 159 A.3d 503, 516 (Pa. 2017) (citations omitted).

"Both the Fourth Amendment of the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution guarantee individuals freedom from unreasonable searches and seizures." *Commonwealth v. Heidelberg*, 267 A.3d 492, 502 (Pa. Super. 2021) (*en banc*) (citation omitted, *appeal denied*, -- A.3d ---, 2022 WL 1656792 (Pa. May 25, 2022). "As a general rule, 'a warrant stating probable cause is required before a police officer may search for or seize evidence.'" *Id.* (citation omitted). Regarding automobiles, "Article I, Section 8 affords greater protection to our citizens than the Fourth Amendment, and . . . the Pennsylvania Constitution requires both a showing of probable cause and exigent circumstances to justify a

warrantless search of an automobile." ***Commonwealth v. Alexander***, 243 A.3d 177, 181 (Pa. 2020) (overruling ***Commonwealth v. Gary***, 91 A.3d 102 (Pa. 2014) (adopting federal "automobile exception" to the warrant requirement and holding police may conduct a warrantless vehicle search based solely on probable cause, with no exigency required beyond the inherent mobility of a motor vehicle)). "Absent the application of one of a few clearly delineated exceptions, a warrantless search or seizure is presumptively unreasonable." ***Heidelberg***, 267 A.3d at 502 (citation omitted). Such exceptions include "the consent exception, **the plain view exception**, the inventory search exception, the exigent circumstances exception, **the automobile exception** … the stop and frisk exception, and the search incident to arrest exception." ***Commonwealth v. Simonson***, 148 A.3d 792, 797 (Pa. Super. 2016) (citation omitted, emphases added).

Here, the trial court suppressed the three bags of marijuana found in the console of the vehicle pursuant to ***Alexander***. ***See*** Trial Court Opinion, 11/8/21, at 3 (unnumbered). The trial court denied suppression of the Oxycodone pills, which Appellant does not challenge. ***See*** Appellant's Brief at 9-10. Thus, the only issue on appeal concerns the seizure of the burnt marijuana cigarettes that police recovered from the center cup holder of Appellant's vehicle.

The trial court explained its reasoning for denying suppression of the burnt marijuana cigarettes as follows:

The [Pennsylvania Supreme] Court in **Alexander** [ ] did not go as far as establishing a warrant requirement for items found in plain view. In the most recent case to address the "plain view" standard, **Commonwealth v. McCree** states that in order for an item to be seized by police officers it must meet three prongs: (1) the police must be at a lawful vantage point, (2) the incriminating nature of the object must be immediately apparent, and (3) the police must have a lawful right of access to the object. [**Commonwealth v. McCree**, 924 A.2d 621, 624 (Pa. 2007)]. Prior to the Court's determination in **Alexander**, the limited automobile exception would have served as a basis for the lawful right of an officer to access an object seen in plain view inside a vehicle. [**Id.** at 631.] . . . Applying this precedent to the case here, Sergeant Maddox credibly testified that the incriminating nature of the object was immediately apparent, as the cigarettes looked and smelled like marijuana. Therefore, the officers had a lawful right of access to the object. Upon approaching the vehicle, Sergeant Maddox testified that he smelled burnt marijuana and saw two (2) marijuana cigarettes in plain view. In order to prevent the destruction of the evidence, the officers seized the contraband and arrested [Appellant].

Trial Court Opinion, 11/8/21, at 3-5 (unnumbered) (footnotes omitted).

Appellant does not dispute that police viewed the marijuana cigarettes from a lawful vantage-point, or that the incriminating nature of the marijuana cigarettes was "immediately apparent." **See** Appellant's Brief at 9-10, 22-23. Instead, he contends: "As there was no warrant the officers needed an additional exigency besides probable cause in order to seize the items inside the vehicle."[2] **Id.** at 9. Appellant further maintains "the officers had no lawful right to access the interior of the car to seize them." **Id.** at 9-10. We disagree.

_____

[2] While Appellant briefly mentioned the lack of exigent circumstances (lack of lawful access) in his suppression motion, it was not the focus of his argument. **See** Motion to Suppress, 2/2/21, at 2 (unnumbered). Appellant alluded very

*(Footnote Continued Next Page)*

Appellant relies on **Alexander** to support his claim that exigent circumstances were necessary for the lawful seizure of the marijuana cigarettes. Appellant's Brief at 24-25. However, **Alexander** addresses the automobile exception to the warrant requirement, not the plain view exception. **Alexander**, 247 A.3d at 181; **see also Simonson**, 148 A.3d at 797.

> Our Supreme Court has expressly recognized that incriminating objects plainly viewable [in the] interior of a vehicle are in plain view and, therefore, subject to seizure without a warrant. This doctrine rests on the principle that an individual cannot have a reasonable expectation of privacy in an object that is in plain view.

**Commonwealth v. Turner**, 982 A.2d 90, 92 (Pa. Super. 2009) (citations and quotation marks omitted). The Pennsylvania Supreme Court has distinguished the limited intrusion of the seizure of evidence in plain view from the greater intrusion of an automobile search. **McCree**, 924 A.2d at 627.

Recently, this Court addressed the plain view doctrine in the context of **Alexander**. In **Commonwealth v. Lutz**, 270 A.3d 571 (Pa. Super. 2022), police responded to a report of a suspicious vehicle parked near a private community on a road owned by the local water authority. **Id.** at 574. As police approached the vehicle, the sole occupant, the driver, staggered out of

---

briefly to the lack of exigent circumstances, but mainly argued the incriminating nature of the marijuana cigarettes was not immediately apparent, given Pennsylvania's Medical Marijuana Act (MMA). **See** N.T., 3/4/21, at 7-12, 13-14, 19-25. Appellant has abandoned this argument on appeal. **See** Appellant's Brief at 9-10, 22-23.

- 6 -

the vehicle and walked toward police in a manner indicative of intoxication. *Id.* at 574-75. Police were unable to conduct field sobriety tests or obtain an accurate breathalyzer result because of the driver's apparent impairment. *Id.* at 575. As Sergeant Shawn Nunemacher approached the vehicle, which was still running, he observed a marijuana pipe on the driver's seat. *Id.* Sergeant Nunemacher arrested the driver for suspicion of driving under the influence, seized the pipe, and searched the vehicle. *Id.* at 576. Prior to trial, the driver sought suppression. The trial court denied suppression of the marijuana pipe, and we affirmed.[3] We explained, "*Alexander* did not impact [the trial court's] ruling because its decision did not 'rest upon the analytical underpinnings of the automobile exception to the warrant requirement, but rather upon an application of the plain view'" exception. *Id.* at 576 (citation to trial court opinion omitted).

In addition, we briefly addressed whether the incriminating nature of the pipe was immediately apparent, stating, "it is clear from the record that Sergeant Nunemacher was lawfully outside of Lutz's still-running vehicle when he first observed the pipe in plain view on the driver's seat from the vantage point of the open car door and window." *Id.* at 578. We also stated, "the legality of the seizure of the pipe hinges on whether its incriminating character

---

[3] We reversed the trial court's denial of suppression as to the vehicle search. *Lutz*, 270 at 579-80.

was readily apparent and whether the Sergeant had a lawful right of access to the pipe itself." ***Id.***

As discussed above, ***Alexander*** did not involve plain view. Appellant points to nothing in ***Alexander*** which modified the plain view doctrine, and we decline to apply ***Alexander***. Rather,

> "where police officers observe incriminating-looking contraband in plain view in a vehicle from a lawful vantage-point, the lack of advance notice and opportunity to obtain a warrant provides the officers with a lawful right of access to seize the object in question." ***Commonwealth v. Miller***, 56 A.3d 424, 429 (Pa. Super. 2012) (quoting ***Commonwealth v. Brown***, 23 A.3d 544, 557 (Pa. Super. 2011) (*en banc*)). Here, the officers had a lawful right of access to the vehicle where [a]ppellant was under arrest, and in securing his vehicle, they had no advance notice and opportunity to obtain a warrant with respect to the bags they observed on the driver's seat and console of the vehicle. ***See***, ***e.g.***, ***Miller***, 56 A.3d at 430-31 (holding police officer's warrantless seizure of beer bottles from inside appellant's vehicle was lawful under plain view exception where incriminating nature of bottles was immediately apparent and officer lacked advance notice and an opportunity to obtain warrant before commencing search).

***Heidelberg***, 267 A.3d at 505 (one citation omitted).

Consistent with the foregoing, we conclude police had a lawful right of access to the marijuana cigarettes observed in plain view. As the seizure was lawful, the trial court did not abuse its discretion in denying suppression of the marijuana cigarettes.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2022