J-S12012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| BRANDON P. MATTSON | : | |
| | : | |
| Appellant | : | No. 1466 MDA 2022 |

Appeal from the Judgment of Sentence Entered September 28, 2022,
in the Court of Common Pleas of Lebanon County,
Criminal Division at No(s):  CP-38-CR-0000800-2021.

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                          **JUNE 9, 2023**

Brandon P. Mattson appeals from the judgment of sentence imposing seven to 20 years' incarceration after a jury convicted him of possession of drug paraphernalia and criminal conspiracy[1] and a second jury convicted him of possession of methamphetamine with intent to deliver.[2]  We affirm.

On May 16, 2021, Mattson parked his car in an alley within Lebanon, Pennsylvania, effectively blocking the street.  He was helping Paige Sweigart carry items from the car into a building, when a police officer approached the vehicle to investigate the illegal parking.  *See* N.T., 9/1/21, at 6-7.

The windows were open, Mattson was in the driver's seat, and the officer smelled the aroma of cannabis wafting from the vehicle.  Looking in a window

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] *See* 35 P.S. § 780-113(a)(32) and 18 Pa.C.S.A. § 903(a)(1).

[2] *See* 35 P.S. § 780-113(a)(30).

from the passenger side, the officer saw "a zippered bag located behind the driver's seat on the floor of the vehicle." *Id.* at 9. It was open. Inside the bag, he "could see a clear, plastic bag containing a green, vegetable matter," which the officer immediately recognized as cannabis. *Id.* at 8. Thus, the cannabis "was in plain view . . . from outside the car . . . ." *Id.* at 9.

The officer then seized the cannabis and arrested Mattson and Sweigart for possession of contraband. *See id.* Next, he ordered the car to be towed from its illegal position in the alley; obtained a search warrant; and searched the car and the black, zippered bag. A "large quantity of meth was found in that same bag . . . and a digital scale." *Id.* at 12.

Mattson filed a pretrial motion to suppress the evidence based solely on *Commonwealth v. Alexander*, 243 A.3d 177 (Pa. 2020) (holding that, under the heightened privacy protections of Article I, § 8 of the Constitution of the Commonwealth of Pennsylvania, a vehicle's mobility, standing alone, is not an existent circumstance to search the vehicle). At the suppression hearing, the arresting officer testified to the above facts, and the suppression court heard oral argument.

The following exchange occurred:

> [DEFENSE COUNSEL]: . . . the issue is clear in terms of whether or not . . . we're dealing with a plain-view exception here.
>
> THE COURT: Yeah, I mean does . . . *Alexander* apply to a plain view?
>
> [DEFENSE COUNSEL]: I -- I believe it does, Your Honor. I believe *Alexander* clearly states it requires both probable

cause and exigent circumstances to search a vehicle without a warrant.

THE COURT: Even when something is in plain view?

[DEFENSE COUNSEL]: Yes, Your Honor.  I mean that's --

THE COURT: I disagree.

[DEFENSE COUNSEL]: That's what *Alexander* holds and --

\*     \*     \*

[THE COURT:] *Alexander* didn't obviate the plain-view exception . . . I don't think *Alexander* applies in a situation where a police officer sees something and seizes it that was in plain view.

[DEFENSE COUNSEL]: And, Your Honor, I would just point to the language in *Alexander*; and as I . . . put in my motion that probable cause and exigent circumstances are required.  One without the other is insufficient; and . . . I respectfully point that out and put that for the record . . .

THE COURT: That's fine . . . I can make you file briefs.

[DEFENSE COUNSEL]: I don't think that will change anything, Your Honor.

N.T., 9/1/21, at 22-24.  The court denied the motion to suppress from the bench, and the matter proceeded to two jury trials.

The first jury convicted Mattson of some offenses and acquitted him of others.  However, the court declared a mistrial on other charges on which the jury was unable to reach a unanimous verdict.  The Commonwealth retried the undecided counts, and a second jury convicted Mattson of those charges, as well.  The trial court sentenced Mattson as described above, and this timely appeal followed.

Mattson raises one issue on appeal.  He asks:

> Whether the [suppression] court erred in denying [his] motion to suppress physical evidence where the Commonwealth failed to prove both probable cause and exigent circumstances were established at the time of the warrantless search of [his] vehicle consistent with . . . *Alexander*[, *supra*]?

Mattson's Brief at 4.

On appeal, Mattson does not chiefly rely upon *Alexander*. Instead, he changes his approach to a novel issue: namely, whether possessing cannabis in plain view constitutes probable cause in light of Pennsylvania's Medical Marijuana Act ("MMA"), 35 Pa.C.S.A. § 10231.303. Specifically, he relies upon the Supreme Court of Pennsylvania's holding in *Commonwealth v. Barr*, 266 A.3d 25 (Pa. 2021), *i.e.*, that the smell of cannabis wafting from a vehicle, standing alone, does not give an officer probable cause to conclude that a crime occurred. Mattson contends that if the smell of cannabis is insufficient for probable cause of a crime, then the sight of it must be equally insufficient.

However, as the above review of defense counsel's argument before the suppression court reveals, Mattson did not rely upon the MMA or *Barr* below. He did not challenge the police officer's probable cause to suspect that his possession of the cannabis was illegal, because he might have had it for medical reasons.

As the Commonwealth correctly argues, this results in the waiver of Mattson's novel issue based on the MMA and *Barr*. *See* Commonwealth's Brief at 11-14.

"The issue of waiver presents a question of law, and, as such, our standard of review is *de novo*, and our scope of review is plenary." ***Trigg v. Children's Hosp. of Pittsburgh of UPMC***, 229 A.3d 260, 269 (Pa. 2020).

"Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "We have said issues, even those of constitutional dimension, are waived if not raised in the trial court. A new and different theory of relief may not be successfully advanced for the first time on appeal." ***Commonwealth v. Pi Delta Psi, Inc.***, 211 A.3d 875, 884 (Pa. Super. 2019), *appeal denied*, 221 A.3d 644 (Pa. 2019).

Because Mattson did not challenge the officer's probable cause under the MMA and ***Barr*** before the suppression court, he may not raise it for the first time before this Court. ***See id.*** His argument below presumed that the officer had probable cause. Accordingly, we dismiss, as waived, the claim that the police officer lacked probable cause to suspect that Mattson's possession of the cannabis was illegal.

Turning to the second prong of ***Alexander***, namely, that a search of a vehicle requires exigent circumstances in addition to probable cause, Mattson believes "there is no arguable basis to find any exigency for the warrantless search of [his] vehicle." Mattson's Brief at 13. He suggests all exigency was removed when the officer placed him and Sweigart in handcuffs "before [the officer] entered the vehicle and seized the black, zippered bag containing the suspected [cannabis] . . . ." ***Id.***

Our scope and standard of review for orders denying suppression are well-settled. "Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole." *Commonwealth v. Jones*, 988 A.2d 649, 654 (Pa. 2010). If the evidence of record supports the factual findings of the suppression court, those findings bind us, "and [we] may reverse only if the court's legal conclusions are erroneous." *Id.* We review legal conclusions *de novo*. *See id.*

The Fourth Amendment to the Constitution of the United States provides that, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." Similarly, under Article I, § 8 of the Pennsylvania constitution, "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures . . . ." Pa. Const. art. I, § 8. Pursuant to those provisions, "searches and seizures without a warrant are presumptively unreasonable, subject only to specifically established exceptions." *Commonwealth v. Wilmer*, 194 A.3d 564, 567-568 (Pa. 2018) (quotations and citations omitted).

Nevertheless, Mattson's reliance upon *Alexander*, *supra*, is wholly inapt, because it deals with warrantless search of vehicles, and no such search occurred in this case.

As Mattson recognizes, the officer entered his vehicle to **seize** the contraband. **See** Mattson's Brief at 13. The officer observed the cannabis **from outside** Mattson's car, and he immediately seized the cannabis. He did not search the vehicle or the black, zippered bag until after obtaining a search warrant. Thus, the officer searched Mattson's vehicle with judicial approval.

As we recently explained, this procedure is constitutionally sound. When "officers observe incriminating-looking contraband in plain view in a vehicle from a lawful vantage-point, the lack of advance notice and opportunity to obtain a warrant provides the officers with a lawful right of access **to seize** the object in question." **Commonwealth v. McMahon**, 280 A.3d 1069, 1074 (Pa. Super. 2022) (emphasis added).

In sum, a seizure and a search are different investigative acts. Here, a warrantless search of Mattson's vehicle did not occur; a warrantless seizure of a bag of cannabis did. Hence, **Alexander**, being focused solely on warrantless **searches**, is irrelevant.

Mattson's claim of error is meritless.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/09/2023