J-A28005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JESUS MATHIS | : | |
| | : | |
| Appellant | : | No. 2840 EDA 2022 |

Appeal from the Order Entered October 17, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0022639-2019

BEFORE: OLSON, J., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.: **FILED MAY 14, 2024**

Appellant, Jesus Mathis, appeals from an order entered on October 17, 2022, in the Criminal Division of the Court of Common Pleas of Philadelphia County. We affirm.

The trial court provided the following summary of the undisputed historical facts.

> The case stems from [Appellant's] arrest by the Philadelphia Police for possession of alleged narcotics. [Appellant] challenged the search and seizure and sought suppression of evidence. At the April 25 suppression hearing, the Commonwealth's witness, Officer Francis Kover ("Kover") testified that he has been a police officer for 23 years and has made probably over 500 arrests. As part of his job experience, Kover testified that he has come in contact with narcotics, such as heroin and crack cocaine on a nearly daily basis.

---

[*] Retired Senior Judge assigned to the Superior Court.

Kover testified that he was on patrol on August 26, 2019, at about 12:05 a.m. when an anonymous tip was transmitted *via* police radio which drew him to the area of 2700 block of Coral Street, Philadelphia. The tip stated that a black male was sitting in a gray Nissan parked on the 2700 block of Coral Street selling narcotics. Kover testified that the area was a heavy narcotics area and when he and other officers arrived, a black male, later identified as [Appellant], was observed sitting in the back seat of a gray Nissan on the driver's side, facing the sidewalk.

The police stopped their vehicle next to the Nissan close enough where if the door of the police cruiser were opened, it would have come into contact with the Nissan. [Appellant] exited the Nissan and walked towards the police saying something to them. Kover approached the driver's side of the vehicle from the sidewalk and saw through the window[,] in plain view on the back seat where [Appellant sat,] a clear baggie with smaller Ziploc packets inside containing a white, chunky substance and two blue containers with lids, also containing a white chunky substance. From his experience, Kover recognized the items to be narcotics due to the packaging and the word "VENMOM" and a picture of a snake stamped on the outside. Kover retrieved the items and recorded them on a property receipt. The clear baggie contained 37 green tinted Ziploc packets containing a white chunky substance which tested positive for fentanyl, a Schedule II narcotic. Also recovered in plain view on the car seat was $177[.00] in cash. Kover testified that he did not search the vehicle, rather he simply opened the door, reached in and retrieved the clear baggie and cash from the seat.

Trial Court Opinion, 3/30/23, at 2-3.

On August 29, 2019, Appellant was arrested and charged with possession of a controlled substance (simple possession) and possession with intent to manufacture or deliver (PWID). 35 P.S. §§ 780-113(a)(16) and (a)(30). At a preliminary hearing, the Commonwealth withdrew the PWID charge, and the case was remanded to the Philadelphia Municipal Court. On April 25, 2022, Appellant's case proceeded to trial. Prior to trial, Appellant

moved to suppress the contraband seized from his vehicle based on the Fourth Amendment of the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution. After his suppression motion was denied, Appellant was found guilty of simple possession and was sentenced to 12 months' reporting probation. On June 2, 2022, the Municipal Court denied reconsideration of the motion to suppress. On July 1, 2022, Appellant filed a petition for *writ* of *certiorari* in the Court of Common Pleas. At the conclusion of a hearing on October 17, 2022, Appellant's petition was denied. A notice of appeal followed on November 15, 2022.[1]

Appellant raises the following question for our consideration.

[Whether the plain view doctrine allowed the police, consistent with Article I, Section 8 of the Pennsylvania Constitution, as interpreted in **Commonwealth v. Alexander**, 243 A.3d 177 (Pa. 2020), to seize from Appellant's vehicle – without a warrant or established exigency – illegal contraband initially observed from a lawful vantage point?]

Appellant's Brief at 2.

We apply the following standard and scope of review when considering Appellant's suppression claims.

Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. We are bound by the suppression court's factual findings so long as they are supported by the record; our standard of review on questions of law is *de novo*. Where, as here, the defendant [appeals] the ruling of the suppression court, we may consider only the evidence

_____

[1] The parties and the trial court have complied with Pa.R.A.P. 1925.

of the Commonwealth and so much of the evidence for the defense as remains uncontradicted. Our scope of review of suppression rulings includes only the suppression hearing record and excludes evidence elicited at trial.

**Commonwealth v. Spence**, 290 A.3d 301, 312 (Pa. Super. 2023), *quoting* **Commonwealth v. Yandamuri**, 159 A.3d 503, 516 (Pa. 2017).

Appellant's challenge to the trial court's suppression ruling turns on the interpretation and application of the plain view doctrine, which permits "the warrantless seizure of an object when: (1) an officer views the object from a lawful vantage point; (2) it is immediately apparent to [the officer] that the object is incriminating; and (3) the officer has a lawful right of access to the object." **Commonwealth v. Bumbarger**, 231 A.3d 10, 20 (Pa. Super. 2020), *appeal denied*, 239 A.3d 20 (Pa. 2020). First, Appellant cites our Supreme Court's decision in **Alexander**, where the Court held that the police needed to obtain a warrant to enter an automobile and that only the presence of both probable cause and exigent circumstances excused the warrant requirement. Next, Appellant insists that the "lawful right of access" prong of the plain view doctrine was not met since **Alexander**'s reinstitution of the warrant requirement altered application of the doctrine in automobile cases.[2] **See**

_____

[2] Appellant asserts that "[p]lain view is not an exception to the warrant requirement; rather exigent circumstances [are]." Appellant's Brief at 6. Hence, according to Appellant, only a warrant (or a valid exception such as consent or probable cause coupled with an exigency) can establish an officer's "lawful right of access" to contraband and, thereby, justify application of the plain view doctrine in the context of motor vehicles. **See** Appellant's Brief at 6-7.

*Alexander*, 243 A.3d at 181. In particular, while Appellant acknowledges the existence of probable cause, he nonetheless reasons the police lacked a lawful right of access because they did not obtain a warrant and the Commonwealth failed to demonstrate an exigency. *See* Appellant's Brief at 8-10. Appellant concludes that the seizure of contraband from his vehicle was unconstitutional since the police lacked lawful access to his car in the absence of a warrant or exigent circumstance. *See id* at 6-7.

Appellant's precise position on appeal has been considered and rejected by prior panels of this Court that have confronted the issue. For example, a recent decision issued by this Court vacated a trial court order that suppressed a firearm recovered from an automobile following a search under the plain view doctrine. In **Commonwealth v. Johnson**, 2023 WL 4540410, *8-10 (Pa. Super. July 14, 2023) (non-precedential decision), we said:

> [T]he suppression court found the Commonwealth did not prove the police had a lawful right of access to the handgun so as to meet the plain view doctrine. In this regard, the suppression court imported an exigency requirement into its plain view exception analysis. That is, the suppression court determined that, under **Alexander**, a warrantless automobile search is unconstitutional unless the search is supported by probable cause and exigent circumstances. Thus, the suppression court reasoned that, in order to have a "lawful right of access" under the plain view doctrine to seize the handgun, the police needed exigent circumstances to conduct a warrantless search under **Alexander**. The Commonwealth argues the suppression court's analysis is flawed. We agree with the Commonwealth.
>
> This Court has held that **Alexander** did not alter the availability of the plain view doctrine as an exception to the warrant requirement or the application of the plain view doctrine. [**Commonwealth v. Davis**, 287 A.3d 467, 472-473 (Pa. Super.

- 5 -

2022); ***Commonwealth v. Smith***, 285 A.3d 328, 323 (Pa. Super. 2022); ***Commonwealth v. McMahon***, 280 A.3d 1069, 1073-1074 (Pa. Super. 2022)]. Relevantly, we have held:

> ***Alexander*** addresses the automobile exception to the warrant requirement, not the plain view exception. ***Alexander***, ***supra***, 243 A.3d at 181[.]
>
> Our Supreme Court has expressly recognized that incriminating objects plainly viewable [in the] interior of a vehicle are in plain view and, therefore, subject to seizure without a warrant. This doctrine rests on the principle that an individual cannot have a reasonable expectation of privacy in an object that is in plain view.
>
> ***Commonwealth v. Turner***, 982 A.2d 90, 92 (Pa. Super. 2009) (citations and quotation marks omitted). The Pennsylvania Supreme Court has distinguished the limited intrusion of the seizure of evidence in plain view from the greater intrusion of an automobile search. ***Commonwealth v. McCree***, [924 A.2d 621 (Pa. 2007) (OAJC)].
>
> ***
>
> As discussed above, ***Alexander*** did not involve plain view. [There is] nothing in ***Alexander*** which modified the plain view doctrine, and we decline to apply ***Alexander***.

***McMahon***, 280 A.3d at 1073-1074.

In the case sub judice, we agree with the Commonwealth that the suppression court erred in importing an exigency requirement into its plain view analysis. Simply put, ***Alexander*** is not applicable here because the police did not seize the handgun "upon the analytical underpinnings of the automobile exception to the warrant requirement, but rather upon an application of the plain view exception." ***McMahon***, 280 A.3d at 1073 (quotation and quotation marks omitted).

Further, with regard to the final prong of the plain view exception, we agree with the Commonwealth that the police had a lawful right to access the interior of [the defendant's] vehicle to seize the handgun. Under the circumstances described above, the [officer's] observation of the handgun on the driver's side floor,

as well as the confirmation that [the defendant] did not possess a valid license to carry a handgun, created probable cause to believe that a crime had been committed. "Probable cause, in this case, arose suddenly and without any advance warning that [the defendant] or his vehicle would be the target of a police investigation." ***Commonwealth v. Liddie***, 21 A.3d 229, 236 (Pa. Super. 2011) (*en banc*). Thus, the police were permitted to seize the handgun, which was in plain view on the floor of the driver's seat area of the vehicle. ***See McMahon***, 280 A.3d at 1074; ***Smith***, *supra* (applying ***McMahon*** and finding the plain view exception applied where, following a motor vehicle stop, a firearm was observed and retrieved from the back seat of the defendant's car).

Based on the aforementioned, we conclude the police observed the handgun in [the defendant's] vehicle during a valid traffic stop, and the handgun was properly seized pursuant to the plain view doctrine. Accordingly, we reverse the order of the suppression court and remand for further proceedings consistent with this decision.

***Johnson***, ***supra***.

Because the issue raised by Appellant is controlled by prior decisions filed by this Court, we are constrained by our precedents to conclude that the contraband was properly seized by the police after it was observed in plain view in Appellant's vehicle during a valid traffic stop. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/14/2024