J-A22028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                         :        PENNSYLVANIA
                         :
          v.               :
                         :
                         :
JAMILA ADIZZA REGAN         :
                         :
         Appellant       :    No. 1112 WDA 2023

Appeal from the Judgment of Sentence Entered August 21, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0004225-2022

BEFORE: MURRAY, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:        **FILED: January 8, 2025**

Jamila Adizza Regan appeals from the judgment of sentence entered following her conviction for driving under the influence ("DUI") of a controlled substance, DUI of a combination of drugs-impaired ability, DUI of a combination of alcohol and drugs, DUI-blood alcohol level of 0.10% to less than 0.16%, DUI of alcohol-general impairment, and windshield obstructions and wipers.[1] She challenges the denial of her suppression motion. We affirm.

In April 2022, Regan was arrested following a traffic stop. She filed a motion to suppress, arguing, in part, that the police officer did not have probable cause to stop her vehicle based on the window tint.

At the suppression hearing, Officer Jacob Elk testified that he was a police officer with the Mount Lebanon Police Department and had been

---

[1] 75 Pa.C.S.A. §§ 3802(d)(1), 3802(d)(2), 3802(d)(3), 3802(b), 3802(a)(1), and 4524(e)(1), respectively.

working in that capacity for about five years. N.T., Apr. 13, 2023, at 4. He testified that in April 2023, he "observed a black sedan with window tint not allowing me to see inside the vehicle." *Id.* at 5. He stated that after observed the car he turned around, "got behind the vehicle," and "conducted an [National Crime Information Center ("NCIC")] check of the vehicle[.]" *Id.* The NCIC record showed that the registered owner had only a photo identification card. *Id.* He then conducted a traffic stop. *Id.* He testified that a sedan should not have window tint that lets in less than 70 percent of light, and that "sedans should not have any dark window tint whatsoever." *Id.* at 6. Officer Elk testified that after he stopped the vehicle, he made contact with the driver, Regan. *Id.* at 6-7.

On cross examination, Officer Elk testified that the stop was conducted between 1:00 and 2:00 a.m., and the area was "darker than the business district of Washington Road, however there's street lights." *Id.* at 8. He stated he did not have technology to detect the level of tint on the windows and he did not know the actual tint level. *Id.* at 8-9. He stated he "maybe" saw a "silhouette from the rear, but . . . was not able to determine whether it was male, female, anything like that." *Id.* at 10-11. Officer Elk further testified that he was not able to see in the vehicle when he passed it and went behind it. *Id.* at 11.

The owner of the vehicle, Davon Burkes, testified that the person who sold it to him told him that 72% of light was able to pass through the window

tint. *Id.* at 15. He said that he can see inside the vehicle in darkly lit areas. *Id.*

The court denied the suppression motion. N.T., Aug. 2, 2023, at 4. It reasoned that "there was probable cause for the stop" due to the tinted windows. *Id.* The court noted the argument that the officer allegedly could see inside the vehicle, and pointed out that the officer "testified that he could not see in the window." *Id.*

After a bench trial, the court found Regan guilty of the above-referenced counts and sentenced her to three to six days' incarceration with permission to participate in the DUI alternative to jail program, six months' probation, and fines. Regan filed a timely notice of appeal.

Regan raises the following issue:

> Whether the Trial Court erred in denying Ms. Regan's motion to suppress evidence where the police officer lacked a proper basis for conducting a traffic stop of her vehicle?

Regan's Br. at 8.

Regan argues that the court erred in denying her motion to suppress because there was no probable cause to stop the car for tinted windows. She argues the stop occurred in the "middle of the night when it is naturally difficult, if not impossible, to see the interior of any vehicle on the road, particularly where, as here, the lighting was not ideal." *Id.* at 13. Regan points out that Officer Elk admitted he could see the driver's silhouette when he approached the vehicle on foot. *Id.* Regan argues Officer Elk did not have a tint meter, made no effort to investigate the tint level, and never determined

- 3 -

whether the tint level violated the law. She claims the trial court failed to analyze Officer Elk's allegedly contradictory statements. She asserts the Commonwealth failed to establish probable cause to stop the vehicle based on a suspected window tint violation.

When reviewing the denial of a motion to suppress, we determine "whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." *Commonwealth v. McMahon*, 280 A.3d 1069, 1071 (Pa.Super. 2022) (citation omitted). Where the Commonwealth prevailed on the motion, "we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted." *Id.* (citation omitted). "Our scope of review of suppression rulings includes only the suppression hearing record and excludes evidence elicited at trial." *Id.* (citation omitted). Where the record supports the suppression court's factual findings, we will only reverse if there is an error in the legal conclusions drawn from those facts. *Id.*

In Pennsylvania, a person cannot drive a vehicle that has any material that does not permit a person to see inside the vehicle "through the windshield, side wing, or side window":

> (1) No person shall drive any motor vehicle with any sun screening device or other material which does not permit a person to see or view the inside of the vehicle through the windshield, side wing or side window of the vehicle.

75 Pa.C.S.A. § 4524(e)(1).

As the parties agree that an officer must have probable cause to initiate a stop under this section, we will apply the probable cause standard.[2] *Commonwealth v. Prizzia*, 260 A.3d 263, 268, 269 n.2 (Pa.Super. 2021) (applying a probable cause standard to determine whether stop for window tint violation was proper but stating the decision "should not be read as precluding application of a reasonable suspicion standard to a stop for a window-tint violation, if the specific facts of the case demonstrate that an investigatory purpose was served by the stop"). Pennsylvania law makes clear that a police officer has probable cause to stop a motor vehicle if the officer observes a traffic code violation, even if it is a minor offense. *Commonwealth v. Chase*, 960 A.2d 108, 113 (Pa. 2008).

Here, the trial court concluded probable cause supported the stop. It concluded Officer Elk saw the vehicle with "dark, tinted windows," which is a violation of the Vehicle Code. Trial Court Opinion, filed Jan. 30, 2024, at 75 (unpaginated). The trial court pointed out that Officer Elk testified that he was unable to see inside the vehicle, and the court concluded the stop was valid. *Id.* at 4.

The trial court's factual findings are supported by the record and it did not err in denying the motion to suppress. Officer Elk testified that he was unable to see inside the vehicle. This provided sufficient probable cause to stop the vehicle for a violation of Section 4524(e)(1).

---

[2] *See* Regan's Br. at 16; Com.'s Br. at 12-13.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 01/08/2025