J-S44028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CORY JONES | : | |
| | : | |
| Appellant | : | No. 1519 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 3, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008671-2019

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED MARCH 28, 2024**

Appellant Cory Jones appeals from the judgment of sentence imposed following his conviction for VUFA and related offenses.  Appellant challenges the sufficiency of the evidence, the denial of his motion to suppress, and the discretionary aspects of his sentence.  We affirm.

The trial court summarized the underlying facts and procedural history of this matter as follows:

> On November 6, 2019, at approximately 11:46 p.m., uniformed [Philadelphia] police officers Stallbaun and Devlin were on routine patrol in the City's 39th Police District. N.T., 3/1/22, 8-9. Officer Stallbaun noticed a black Chrysler Sebring pass their marked cruiser at a high rate of speed. *Id.* at 9. Without activating their lights or sirens, Officers Stallbaun and Devlin began to follow the Sebring from a distance of several car-lengths back. *Id. at* 10. Still moving at a high rate of speed, the officers watched the Sebring make an abrupt right turn. *Id.* at 10. Without signaling,

---

[*] Retired Senior Judge assigned to the Superior Court.

the Sebring pulled into an illegal parking space—partially on the pavement and too near a fire hydrant. *Id.* at 10-11.

Activating the cruiser's lights, the officers exited their vehicle and approached the Sebring. *Id.* at 12-13. [Appellant] quickly exited from the Sebring's driver-side and began walking away. *Id.* at 13-14. The officers gave him verbal commands to return to his vehicle, but [Appellant] ignored their commands and continued walking. *Id.* at 14. The officers caught up to [Appellant] and escorted him back to the Sebring. *Id.* at 15. [Appellant] resisted these efforts and grew enraged as the officers continued talking. *Id.* A struggle ensued. *Id.* For their safety, the officers attempted to handcuff [Appellant], but they could not restrain him. *Id.* As [Appellant's] struggle grew more violent, each officer deployed his taser in turn, but neither could subdue [Appellant]. *Id.* at 15-16. Only once backup arrived were the officers able to secure the scene. *Id.* at 16. Thereafter, one of the backup officers alerted Officer Stallbaun to an exposed handgun on the Sebring's driver-side floorboard, in plain-view through the window. *Id.* at 17. The car had no other occupants. *Id.* at 20.

[Appellant] was subsequently charged with four counts: (i) possession of firearm prohibited, (ii) firearms not to be carried without a license, (iii) carrying firearms on public streets in Philadelphia, and (iv) resisting arrest or other law enforcement.[1] On September 12, 2020, [Appellant] moved to suppress the recovered firearm. On November 12, 2020, the Honorable Donna M. Woelpper denied his motion. [Appellant] elected a bench trial and, on March 1, 2022, was tried before this court. [Appellant] was found guilty on all four counts.

On June 3, 2022, this court sentenced [Appellant] to a term of three-to-six-years of incarceration with a two-year probationary tail. The present appeal ensues.

Trial Ct. Op., 1/18/23, 1-2 (some formatting altered).

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

---

[1] 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), 6108, and 5104.

- 2 -

On appeal, Appellant raises the following issues:

1. Whether the evidence presented at trial was sufficient to establish each and every element of the crimes for which Appellant was convicted.

2. Whether the suppression court erred by denying the motion to suppress despite evidence of a warrantless search of Appellant's vehicle without exigent circumstances.

3. Whether the sentencing court abused its discretion by imposing a manifestly excessive sentence that was not based upon the gravity of the violation, the extent of Appellant's record, his prospect of rehabilitation, nor an assessment of the mitigating and aggravating factors as noted in 42 Pa. C.S. Section 9721 of the Sentencing Code.

Appellant's Brief at 8.

**Sufficiency of the Evidence**

In his first claim, Appellant argues that there was insufficient evidence to sustain his convictions. Appellant's Brief at 14. Specifically, Appellant argues that the Commonwealth failed prove that he constructively possessed the firearm. *Id.* Appellant further claims that the Commonwealth's evidence was uncorroborated and "in contradiction to the physical facts, as proven by the inconclusive DNA results." *Id.* at 15-16.

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt.

[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

*Commonwealth v. Palmer*, 192 A.3d 85, 89 (Pa. Super. 2018) (citation omitted).

This Court has explained that in order to "preserve a sufficiency claim, [an appellant's] Rule 1925(b) statement must specify the element or elements upon which the evidence was insufficient." *Commonwealth v. Widger*, 237 A.3d 1151, 1156 (Pa. Super. 2020). If an appellant does not specify such elements, the sufficiency claim is waived. *See Commonwealth v. Roche*, 153 A.3d 1063, 1072 (Pa. Super. 2017).

Here, Appellant filed a Rule 1925(b) statement challenging the sufficiency of the evidence for all of his underlying convictions. *See* Rule 1925(b) Statement, 12/18/22, at 1. However, Appellant did not identify the element or elements for which the evidence was insufficient.[2] *See id.* Therefore, because Appellant failed to identify the specific elements on which

---

[2] As noted above, Appellant was convicted of separate firearms charges and resisting arrest, which have disparate and unrelated elements. *See* 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), 6108, and 5104.

his sufficiency claim was based, his claim is waived for appellate review.[3] **See Roche**, 153 A.3d at 1072; **Widger**, 237 A.3d at 1156. Therefore, Appellant is not entitled to relief.

**Motion to Suppress**

Appellant also argues that the suppression court erred in denying his motion to suppress the firearm recovered from his vehicle. Appellant's Brief at 16. Specifically, Appellant claims that "[e]ven if the suppression court found the testimony that the gun was in plain view to be credible," the firearm was illegally seized from his vehicle because there were no exigent circumstances to justify a warrantless search. **Id.** at 17-18 (citing **Commonwealth v. Alexander**, 218 A.3d 380 (Pa. 2019)).

The Commonwealth responds that the firearm was lawfully seized by police under the plain view exception to the warrant requirement. Commonwealth's Brief at 15-16. Further, to the extent Appellant relies on **Alexander**, the Commonwealth notes that **Alexander** did not address the plain view exception and is therefore inapplicable to the instant case. **Id.** (citing, *inter alia*, **Commonwealth v. McMahon**, 280 A.3d 1069, 1073 (Pa. Super. 2022), **Commonwealth v. Lutz**, 270 A.3d 571, 576 (Pa. Super. 2022); **Commonwealth v. Smith**, 285 A.3d 328, 332 (Pa. Super. 2022)).

---

[3] In any event, the trial court explained that there was evidence establishing that Appellant had constructive possession of the firearm. **See** Trial Ct. Op. at 4. Therefore, even if Appellant properly preserved this claim for review, we would affirm based on the trial court's analysis of this issue.

Our standard of review is as follows:

An appellate court's standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, the appellate court is bound by those findings and may reverse only if the court's legal conclusions are erroneous.

*Commonwealth v. Gray*, 211 A.3d 1253, 1260 (Pa. Super. 2019) (citation omitted).

This Court has explained:

The Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution protect individuals from unreasonable searches and seizures, thereby ensuring the right of each individual to be let alone." *Commonwealth v. By*, 812 A.2d 1250, 1254 (Pa. Super. 2002) (citations and quotation marks omitted). "A warrantless search or seizure is presumptively unreasonable under the Fourth Amendment and Article I, § 8, subject to a few specifically established, well-delineated exceptions." *Commonwealth v. McCree*, 924 A.2d 621, 627 (Pa. 2007) (citation omitted). These exceptions include "the consent exception, the plain view exception, the inventory search exception, the exigent circumstances exception, the automobile exception, . . . the stop and frisk exception, and the search incident to arrest exception." *Commonwealth v. Simonson*, 148 A.3d 792, 797 (Pa. Super. 2016) (citation omitted).

*Smith*, 285 A.3d at 332.

"The plain view doctrine provides that evidence in plain view of the police can be seized without a warrant." *Commonwealth v. Luczki*, 212 A.3d 530, 546 (Pa. Super. 2019) (citation omitted). "This doctrine permits a valid warrantless seizure of an item where: (1) the police have not violated the Fourth Amendment in arriving at the location from which the item could be viewed; (2) the item is in plain view; (3) the incriminating character of the item is immediately apparent; and (4) the police have a lawful right of access to the item itself." *Id.* (citation omitted).

In his brief, Appellant relies on *Alexander* to support his claim that exigent circumstances were necessary for the police to seize the firearm from Appellant's vehicle. *See* Appellant's Brief at 16-18.

This Court has explained:

> Regarding the automobile exception, in [*Alexander*,] our Supreme Court reaffirmed that "the Pennsylvania Constitution requires both a showing of probable cause and exigent circumstances to justify a warrantless search of an automobile." *Alexander*, 218 A.3d at 181. In reaching this conclusion, the Court expressly overruled *Commonwealth v. Gary*, 91 A.3d 102 ([Pa.] 2014), which had adopted the federal automobile exception to the warrant requirement that allowed police to conduct a warrantless vehicle search based solely on probable cause, with no exigency required beyond the inherent mobility of a motor vehicle. However, the decision in *Alexander* does not address the plain view exception or any alterations to its requirements. Therefore, where the circumstances permit an application of the plain view exception, we need not apply *Alexander*.

*Smith*, 285 A.3d at 332; *see also McMahon*, 280 A.3d at 1073 (explaining that "*Alexander* addresses the automobile exception to the warrant requirement, not the plain view exception"); *Lutz*, 270 A.3d at 576 (holding

- 7 -

that "*Alexander* did not impact [the trial court's] ruling because its decision did not 'rest upon the analytical underpinnings of the automobile exception to the warrant requirement, but rather upon an application of the plain view'" exception); *Commonwealth v. Davis*, 287 A.3d 467, 473 (Pa. Super. 2022) (rejecting the appellant's claim that "*Alexander* requires the Commonwealth to prove exigent circumstances where the officers have lawfully seized an object under the plain view doctrine").

> Our Supreme Court has expressly recognized that incriminating objects plainly viewable [in the] interior of a vehicle are in plain view and, therefore, subject to seizure without a warrant. This doctrine rests on the principle that an individual cannot have a reasonable expectation of privacy in an object that is in plain view.
>
> *Commonwealth v. Turner*, 982 A.2d 90, 92 (Pa. Super. 2009) (citations and quotation marks omitted). The Pennsylvania Supreme Court has distinguished the limited intrusion of the seizure of evidence in plain view from the greater intrusion of an automobile search. *McCree*, 924 A.2d at 627.

*Id.*

> Here, the suppression court addressed Appellant's claim as follows:
>
> At the suppression hearing, Officer Stallbaum testified that he observed [Appellant] driving approximately 10 miles per hour above the speed limit, before making an abrupt turn onto a "small" street (Archer Street), whereupon [Appellant] again traveled at an excessive rate of speed, before turning into the parking lane and on top of the sidewalk without using his turning signal. As such, police observed multiple violations of the Vehicle Code, justifying their investigation.
>
> [Appellant] does not take issue with the seizure of his person, nor could he, as he clearly failed to comply with the officers' repeated instructions to return to the vehicle. *See Commonwealth v. Pratt*, 930 A.2d 561, 567 (Pa. Super. 2007) (police are permitted

to order an individual who exits a lawfully stopped vehicle to return to the vehicle; "a police officer's instructions to a passenger of a lawfully stopped vehicle to re-enter and remain in the vehicle do not violate an individual's rights under the Article I, Section 8 of the Pennsylvania Constitution.")

Moreover, when the officers attempted to place [Appellant] in handcuffs, his violence "escalated," requiring the assistance of back up officers just to place him in handcuffs. After [Appellant] was taken into custody, Officer Stout observed a black handgun in plain view on the driver's side floor of his vehicle. Officer Stallbaum testified that Officer Stout did not enter the vehicle but observed it from a lawful vantage point, which Officer Stallbaum also confirmed during questioning by the assigned Assistant District Attorney (ADA):

Q: And Officer Stout pointed to it?

A: He did.

Q: Do you know if he got into the car at all?

A: He did not.

Q: And how do you know that?

A: I was right there.

Q: So what happened after he pointed to the firearm?

A: I went over and observed it myself.

Q: And at some point this firearm was recovered?

A: It was.

Q: How did the recovery come about?

A: I recovered it from the floorboard.

Q: How did you get into the vehicle?

A: One of the other officers, I believe my partner, unlocked it. He picked up the keys that were dropped by [Appellant] in the middle of the street.

N.T. 9/22/20 at 12-13.

The record thus establishes that police observed the handgun in plain view from a lawful vantage point. Under such circumstances, police need not demonstrate exigent circumstances to justify the seizure. *See Davis*, 287 A.3d at 472 ("Our Supreme Court has expressly recognized that incriminating objects plainly viewable [in the] interior of a vehicle are in plain view and, therefore, subject to seizure without a warrant. This doctrine rests on the principle that an individual cannot have a reasonable expectation of privacy in an object that is in plain view.") [(citation omitted)]. As such, the court did not err in denying [Appellant's] motion.

Suppression Ct. Op., 2/7/23, at 6-8.

Following our review, we conclude that the record supports the suppression court's factual findings and discern no error in the legal conclusions drawn from those facts. *See Gray*, 211 A.3d at 1260. The record reflects that the police lawfully seized the firearm from Appellant's vehicle under the plain view exception to the warrant requirement. *See Luczki*, 212 A.3d at 546. Unlike the vehicle search at issue in *Alexander*, police had a lawful right of access to the firearm observed in plain view. *See McCree*, 924 A.2d at 627 (distinguishing the limited intrusion of the seizure of evidence in plain view from the greater intrusion of an automobile search); *see also McMahon*, 280 A.3d at 1073; *Lutz*, 270 A.3d at 576; *Smith*, 285 A.3d at 332. Accordingly, Appellant is not entitled to relief on this issue.

**Discretionary Aspects of Sentence**

In his remaining claim, Appellant challenges the discretionary aspects of his sentence. Appellant's Brief at 19-20. Specifically, Appellant argues that the trial court's sentence was unreasonable as the trial court "only considered the nature of the offense, without any consideration of the characteristics of

[A]ppellant or his rehabilitative needs." *Id.* at 20. Appellant further contends that the trial court failed to "state any of the factors regarding [A]ppellant's treatment needs as findings upon which the imposition of the sentence was based." *Id.* Finally, Appellant asserts that "a state correctional sentence was unnecessary, as [A]ppellant was not a risk to commit another crime during a period of partial confinement or probation[,] Appellant could receive the necessary treatment without commitment to a state institution, and a lesser sentence would not depreciate the seriousness of [A]ppellant's crime." *Id.*

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised

for the first time on appeal." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); ***see also*** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

Here, the record reflects that Appellant failed to preserve this issue at sentencing or in a post-sentence motion. Therefore, Appellant's claim is waived. ***See Malovich***, 903 A.2d at 1251; ***see also*** Pa.R.A.P. 302(a) Accordingly, Appellant is not entitled to relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/28/2024